DOMENGEAUX, Chief Judge,
dissenting.
In the instant case, the first, second and third elements of La.R.S. 14:71 were clearly proven by the State. Mr. Phillips identified the defendant at trial as the person who issued the $450.00 check to him in exchange for mechanical repairs he rendered to defendant’s car. Furthermore, abundant evidence was presented by the State that defendant had the intent to defraud. For example, defendant, although knowing he lacked sufficient funds, wrote other competing checks in the amounts of $11.57, $50.00 and $20.00. Moreover, defendant cashed a check for $200.00 with the knowledge that he would defeat the honoring of the $450.00 check upon its presentation for payment. Finally, La.R.S. 14:71(A)(2) provides for the following presumption:
(2) The offender’s failure to pay a check, draft, or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written *1337 notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud.
In the present case, a certified notice was delivered to defendant on January 31,1989. However, defendant never responded. Therefore, I submit that evidence was presented that clearly indicates defendant had the requisite intent to defraud. In any event, defendant basically argues that there is insufficient evidence to convict him because he technically falls through the statute as written because at the time of the issuance of the $450.00 check to Phillips Car Clinic there were sufficient funds in his account. In brief, defendant alleges that “[w]hile defendant may have known at the time of issuing some of the other checks presented for payment on January 10th that there would not be sufficient funds to cover them upon presentation, this was simply not so at the time he issued the check for $450.00 on January 6, 1989, to Mr. Phillips as required by the statu[t]e.”
In direct contradiction to defendant’s contention, I submit that a broad interpretation of La.R.S. 14:71 is warranted in the present case. Although I could find no jurisprudential authority to invoke this expansive interpretation of the statute, I concur with the trial judge’s outcome in this case.
I quote hereinafter the complete statement of the trial judge, underscoring the portions thereof not included in the majority opinion:
Now the next element is whether or not the defendant knew at the time that he issued the check that there would not be sufficient funds on deposit in that account for the payment of the check upon presentation. I think what we have to keep in mind in the construction of this statute is that there are two separate time intervals contemplated by the statute, the actual issuance, that is the delivery of the check to the payee by the payor, and the payment of the check, that is when the check is actually presented to the bank and the bank makes payment of the check to the payee. These two times would be almost contemporaneous if the check were given in the bank and the payee immediately cashed it. I think it's reasonable to assume that checks are not given in that fashion, that they’re given one day and may be presented several days later for payment. And the person who issues the check knows that. In this particular case the check was given on a Friday. I think in construing the statute that the word “credit” refers not to the issuance as such, but rather to the presentation for payment. So you have two separate elements. You have issuance and payment that you have to consider in construing the statute. From the sequence of events as presented by the activity in this particular account by this particular defendant, the Court has no difficulty in inferentially concluding that at the time that he issued this check that his further activity over that weekend and the following Monday that there was no possible way that there would have been sufficient funds in that account for the payment of this check upon presentation. Accordingly, I find him guilty.
The evidence when considered in the light most favorable to the prosecution was sufficiently set forth by the State. Any rational trier of fact could have concluded beyond a reasonable doubt that all elements of the crime of issuing worthless checks, a violation of La.R.S. 14:71 were met beyond a reasonable doubt.
I respectfully dissent.